IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                    CASE NO.: 1:05cr44-SPM/AK

CARL PETER JONES,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S REQUEST TO REPRESENT HIMSELF**

Defendant's request to proceed as his own lawyer was heard on Wednesday, June 14, 2006 at 10:00 a.m. At the hearing, Defendant stated that he had no complaints about his present lawyer, Thomas Edwards. A brief inquiry confirmed that there is no reasonable cause to believe that Mr. Edwards was rendering ineffective representation.

Defendant, nevertheless, stated that he wished to proceed as his own lawyer. The Court attempted to conduct a Faretta[1] inquiry to determine if Defendant was knowingly and intelligently waiving his right to counsel. Defendant refused to participate in the inquiry, stating that he needed access to certain legal materials first.

In an attempt to convince Defendant to proceed with the Faretta inquiry,

---

[1] Faretta v. California, 422 U.S. 806 (1975).

the Court provided Defendant with a copy of the questions the Court would ask. Many of the questions were simple background questions about Defendant's age, marital status, education, and work history. Those questions were included to establish a rapport with Defendant and to ensure that Defendant understood what was being said and capable of responding appropriately. The remainder of the inquiry was designed to advise Defendant of the charges against him, the penalties he faced, the advantages of having a lawyer represent him, and the disadvantages to representing himself. As part of the inquiry, Defendant would have been asked to acknowledge, with yes or no responses, if he understood those matters.

No legal research was required for Defendant to answer the questions.[2] In fact, the lack of technical legal skills and training cannot be a basis for denying Defendant's request to represent himself. Faretta, 422 U.S. at 836. Instead, Defendant may validly waive his right to counsel and represent himself so long as he knows of the pitfalls of self representation and voluntarily chooses to represent himself anyway. Id. at 835.

---

[2] Defendant wanted time to conduct legal research and obtain certain legal publications before proceeding with the Faretta inquiry, as part of his fundamental right of access to the court. By appointing a lawyer to represent Defendant, the government is providing Defendant with access to the court. United States v. Smith, 907 F.2d 42, 44-45 (6th Cir. 1990). Defendant may waive his right to counsel and represent himself, but he is not then entitled to special privileges, such as access to an otherwise unavailable law library. United States v. Chatman, 584 U.S. 1358, 1360 (4th Cir. 1978). He is certainly not entitled to "a computerized legal research system, paralegal training or a full-fledged law school education" although those things could aid a defendant in defending himself. United States v. Lane, 718 F.2d 226, 232 (7th Cir. 1983).

Because Defendant refused to participate in the <u>Faretta</u> inquiry, the Court could not determine if Defendant was knowingly and voluntarily waiving his right to counsel. The right to counsel in a criminal case is a fundamental right, for which a presumption against waiver applies. <u>Johnson v. Zerbst</u>, 304 U.S. 454, 464 (1938). A determination of waiver is a serious matter that should plainly appear on the record. <u>Ford v. Wainwright</u>, 526 F.2d 919, 922 (5th Cir. 1976).

Given Defendant's refusal to participate in the inquiry to determine a proper waiver of counsel, Defendant's request to represent himself must be denied. Additionally, by refusing to participate in the inquiry, Defendant waived his right to represent himself. <u>See</u> <u>Raulerson v. Wainwright</u>, 732 F.2d 803, 809 (11th Cir. 1984) (defendant's conduct in walking out of the courtroom during the <u>Faretta</u> inquiry constituted a waiver of his right to represent himself). Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. Defendant's request to represent himself is denied.

2. Attorney Thomas Edwards will continue to represent Defendant in this case.

3. Trial is set for 8:30 a.m. on August 14, 2006.

DONE AND ORDERED this 15th day of June, 2006.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge