IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                                    CASE NO.: 1:05cr44-SPM/AK

CARL PETER JONES,

     Defendant.
_____/

## ORDER ON REMAND

This cause comes before the Court on limited remand from the United States Court of Appeals, Eleventh Circuit, to determine whether Defendant Jones's untimely notice of appeal resulted from excusable neglect or good cause (doc. 60).

The notice of appeal at issue (doc. 45) has a certificate of service date of July 13, 2006. It was sent by Defendant from the county jail directly to the United States Court of Appeals, and is date-stamped received on July 17, 2006. The appeal seeks, among other things, to reverse this Court's ruling, made at a hearing on June 14, 2006 and memorialized in a written order dated June 15, 2006 (doc. 38), that Defendant Jones could not represent himself in these proceedings without first knowingly and voluntarily waiving his right to counsel through a <u>Farretta</u> inquiry. Because Defendant refused to participate in the <u>Faretta</u> inquiry, his request to represent himself was denied.

At the conclusion of the hearing, Defendant stated in open court that he intended to appeal the ruling.  The ruling was not a sentence or judgment subject to Federal Rule of Criminal Procedure 32(j)(2).  The clerk of court, therefore, did not file the notice of appeal on Defendant's behalf.  Defendant's court-appointed counsel also did not file the notice of appeal.

Putting aside the appealability[1] of the order and the merits of Defendant's position, this Court finds good cause to extend the time for Defendant to file his notice of appeal.  Under the circumstances, Defendant cannot be faulted for failing to timely file the notice of appeal.  He stated in open court his intention to appeal and he was at that time represented by court-appointed counsel.  Defendant's reliance on his court-appointed counsel to file the notice of appeal on his behalf is consistent with this Court's ruling that Defendant could not represent himself.

Accordingly, pursuant to Federal Rule of Appellate Procedure 4(b)(4), for good cause shown, the Court extends the time for filing an appeal and accepts the notice of appeal (doc. 45) as timely filed.

SO ORDERED this 14th day of September, 2006.

                        *s/ Stephan P. Mickle*
                        Stephan P. Mickle
                        United States District Judge

---

[1] See Devine v. Indian River County Sch. Bd., 121 F.3d 576, 581 (11th Cir. 1997) (holding that an order denying pro se status in a civil case is an appealable collateral order, but acknowledging that the United States Supreme Court implied in Flanagan v. United States, 465 U.S. 259, 267-68 (1984), that such an order in a criminal case is not appealable).