IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                              CASE NO.: 1:05cr44-SPM

CARL PETER JONES,

      Defendant.
_____/

## ORDER DENYING MOTIONS FOR NEW TRIAL

This cause comes before the Court on Defendant's first and second motions for new trial (docs. 111 and 114) and related motions for issuance of subpoena and for an evidentiary hearing (docs. 135 and 136). The Government filed responses (docs. 113, 115, and 137). Upon consideration, the Court finds that the motions for new trial should be denied. No evidentiary hearing is needed.

A court may grant a new trial under Federal Rule of Criminal Procedure 33 "if the interest of justice so requires." Fed. R. Crim. P. 33. Under the rule, a trial court enjoys broad power to a grant a new trial if it concludes that a miscarriage of justice has occurred. United States v. Hall, 854 F.2d 1269, 1271 (11th Cir. 1988).

**First Motion for New Trial**

In his first motion for new trial (doc. 111), Defendant states that the actions

of jail personnel caused him extreme prejudice in his ability to adequately assist in the preparation of his defense.  Defendant explains that numerous times prior to trial, Alachua County Jail personnel tricked Defendant into leaving his cell block by falsely claiming that Defendant's attorney was present to see him.  When Defendant left his cell block, he discovered that his attorney was not there, but instead a member of the correctional staff was waiting to discuss with Defendant certain civil litigation filed by Defendant.  To avoid being tricked, Defendant refused to leave his cell block when told that his attorney was there to see him.  At times Defendant's attorney was actually present to see him, but Defendant refused to leave his cell block to meet the attorney.

      Assuming Defendant's allegations are true, Defendant is not entitled to a new trial on this ground.  The record shows that Defendant actually met with defense attorney David A. Wilson on one occasion.  At that time, Defendant "refused to discuss the facts of the case" with Attorney Wilson.  Doc. 94, Motion to Withdraw, ¶ 3.  Likewise, at another time, Defendant refused to talk about his arrest and other facts of the case with his former attorney, Thomas Edwards, during a meeting that lasted over one hour.  Doc. 67, Second Motion to Withdraw as Attorney, ¶¶ 4 and 5 ("4.  Undersigned counsel met with Defendant on September 21, 2006 at the Alachua County Jail.  Defendant continues to refuse to explain the circumstances surrounding his arrest and refuses to assist undersigned counsel with more information and/or details pertaining to his case.

CASE NO.: 1:05cr44-SPM

5. After meeting with Defendant for more than an hour, undersigned counsel is unable to proceed further in his representation of the Defendant.")

The record shows that Defendant's own actions have impeded his defense and frustrated the progress of this case, regardless of the alleged actions of jail officials. Defendant's refusal to participate in psychological examinations is well-documented. See docs. 16 and 24. Also documented are Defendant's demands that his attorneys assist him solely on his own terms by filing motions at his direction and by providing him with books and records; and Defendant's rejection of help from his attorneys in any other manner. See docs. 38, 45, 47, 53, 59, 77, 78, 83, 88, 99, and 138. Defendant's refusal to speak when he met with his attorneys and his refusal to come out of his cell block, despite any trickery, are choices Defendant made with knowledge that he was impeding his attorneys.

The Court notes that even though Defendant refused to cooperate, Attorney Wilson was well prepared for trial. He reviewed all discovery materials and depositions from Defendant's related state case. No actual prejudice in the conduct of the defense has been claimed. Moreover, Defendant waited until after the jury rendered a verdict against him to complain about this matter. "A defendant may not gamble on the verdict and then secure a new trial if he loses." Jenkins v. United States, 149 F.2d 118, 119 (5th Cir. 1945).

Granting a new trial is not in the interest of justice. Accordingly,

Defendant's first motion for new trial will be denied.

**Second Motion for New Trial**

In his second motion for new trial (doc. 114), Defendant states that on February 12, 2007, which is five days after the jury's verdict, Attorney Wilson "was informed from an unnamed source that the Assistant United States Attorney prosecuting the case had been contacted by a juror who informed the prosecutor that one juror had been holding out in favor of acquittal, however, that juror ultimately changed his or her decision based on the fact that the defendant had a prior conviction for burglary." Doc. 114, ¶ 6. Defendant contends that this information constitutes newly discovered evidence of juror misconduct that warrants a new trial.

The prosecutor disputes the accuracy of the information provided to Attorney Wilson. Doc. 115. The prosecutor states that while the foreperson of the jury did speak to him the day after the verdict was rendered, the foreperson stated that the deciding factor in the case was the fact that Defendant was wearing the burglary victim's hat on his head. The foreperson stated that the hat could not be explained away. Doc. 115, ¶ 5.

This discrepancy between Attorney Wilson's information and the prosecutor's recollection is not material to the decision to deny Defendant's motion for new trial. Regardless of whether the information provided to Attorney Wilson is correct, the jury's verdict cannot be impeached by the foreperson's

statement.  Under Federal Rule of Evidence 606(b), "a juror may not testify as to any matter or statement occurring during the course of the jury's deliberation or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith."  Fed. R. Evid. 606(b).

The foreperson's statement falls within the scope of Rule 606(b).  Dobbs v. Zant, 720 F.Supp 1566, 1574 (N.D. Ga. 1989 ) vacated on other grounds, 506 U.S. 357 (1993).  Therefore, the statement cannot be used to grant Defendant a new trial.  United States v. Sjeklocha, 843 F.2d 485, 488 (11th Cir. 1988). Defendant's second motion for new trial must be denied.

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. Defendant's motions for new trial (docs. 111 and 114) are denied.

2. Defendant's related motions for issuance of subpoena and for an evidentiary hearing (docs. 135 and 136) are denied.

DONE AND ORDERED this 29th day of June, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

CASE NO.: 1:05cr44-SPM