IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 1:05cr44-SPM-AK

CARL PETER JONES,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant's motion to vacate pursuant to § 2255, filed on May 26, 2009. Doc. 186. Because Defendant failed to use the Court's form for § 2255 motions, the Court ordered Defendant to file an amended motion and the Clerk furnished Defendant with the necessary form. The Court subsequently granted Defendant two extensions of time to file an amended motion. When Defendant missed the second deadline and failed to communicate with the Court in any manner, the Court issued a show cause order. On November 12, 2009, the Court issued a Report and Recommendation recommending that the motion be denied for failure to prosecute and to obey an order of the Court. Doc. 193. On that same day, but after the R&R had been docketed, the Court received Defendant's response to the show cause order. Doc. 194. Accordingly, the Court vacated the R&R and afforded Defendant one final opportunity to file an amended motion to vacate no later than January 11, 2010. Doc. 195. The Court advised Defendant that "[b]ecause Defendant complains that he is being denied the opportunity to make copies, he may submit only the original amended motion without copies. **He is cautioned, however, that the Court will not extend this**

**deadline, and failure to file the amended motion to vacate as ordered shall result in a recommendation that the motion to vacate be denied for failure to prosecute and to obey an order of the Court."** Doc. 195.

On January 19, 2010, the Court received a pleading from Defendant, with a certification that Defendant provided it to prison officials for mailing on January 11, 2010. Doc. 196. The pleading is not, however, an amended motion to vacate pursuant to § 2255. Instead, it is an eight-page single-spaced typewritten description of the ways in which Defendant alleges that prison officials, and this Court, have impeded his ability to file his § 2255 motion, and it is accompanied by three pages of exhibits. Defendant contends, *inter alia*, that prison officials have denied him the right to make copies and have not provided him with stamps. He alleges that "I cannot send OR write this court more than a couple of pages in a single #10 envelope until I ever attain my institutional right" to make copies. Defendant also attacks the Court's order affording him additional time to file an amended motion, complaining that he has had to waste his time and resources in responding to that order instead of completing his § 2255 motion. Doc. 196.

The Court advised Defendant that he would not be required to furnish any copies of his amended motion. Further, Defendant's most recent pleading, Doc. 196, reflects that he has sufficient resources to complete and file one original amended § 2255 motion. The Court finds that Defendant has presented no compelling reasons excusing his failure to file an amended § 2255 motion, as ordered by the Court.

It is therefore respectfully **RECOMMENDED** that the motion to vacate, Doc. 186,

be **DENIED** for failure to prosecute and to obey an order of the Court.

    **IN CHAMBERS** this ***19th*** day of January, 2010.


                    ***s/ A. KORNBLUM***
                    **ALLAN KORNBLUM**
                    **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

    **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**